UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS T. BREWINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>Lt. A. MOJICA; et al.,<br><br>    Defendants.<br>_____ / | No. C 07-1473 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Marcus T. Brewington, a prisoner in custody at the Salinas Valley State Prison in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Brewington alleged that several members of the correctional staff stole and destroyed some unidentified personal property and "illegally house me in ad-seg up under bogus investigation charges." Complaint, p. 3. He also alleges that five staff members were acting in a conspiracy when they stole and destroyed his property and that they were not acting pursuant to a common CDC practice. Brewington alleges that he did not exhaust administrative remedies, contending that he did not do so because the litigation coordinator had not properly answered any of his appeals "behind my illegal confinement and the above staff stealing my property." Id. at 2.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). The allegations in the complaint that Brewington's personal property was stolen or destroyed by several staff members do not state a claim for relief under § 1983. The allegations show random and unauthorized deprivations of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right. That claim must be asserted, if at all, in state court. The conclusory allegation that the defendants were acting in a conspiracy does not elevate the property theft claim into a § 1983 claim. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983.

Woodrum v. Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989). Furthermore, plaintiff must allege that a constitutional right was violated – conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a deprivation. Id.

Brewington also alleges that he was put in administrative segregation "under bogus investigation charges." Complaint, p. 3. This allegation does not state a claim for relief under § 1983. The constitutional protection usually implicated by placement in ad-seg is the prisoner's right to due process. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Changes in conditions of confinement for a prison inmate may amount to a deprivation of a constitutionally protected liberty interest, provided that the liberty interest in question is one of real substance. Sandin v. Conner, 515 U.S. 472, 477-87 (1995). When prison officials initially determine whether a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987). Due process requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985). Brewington's complaint is deficient in that it has not alleged that the changes in condition were sufficiently severe, i.e., that they imposed an atypical and significant hardship, so as to implicate his federal right to due process. The complaint also is deficient in that it has not identified the procedural protections not afforded when he was put in ad-seg.

Finally, the complaint suggests that plaintiff has not exhausted his administrative remedies. Brewington urges that he is excused from doing so because defendants are stealing his property and because his inmate appeals were not properly handled. The first excuse is plainly inadequate, as there is no exception to the exhaustion requirement for theft claims. The second excuse is questionable but there is not enough information for the court to make any

determination about it. The court therefore will not dismiss this action based on non-exhaustion, although it notes that the non-exhaustion may eventually present a problem for plaintiff.

To summarize, plaintiff has no § 1983 claim for the theft and destruction of his property even if pursuant to a conspiracy. Plaintiff may attempt to amend to allege a due process claim based on his placement in ad-seg, but he must allege that the change in conditions amounted to an atypical and significant hardship and must identify the procedural protections not provided to him. Plaintiff is cautioned that his amended complaint must link each defendant to his claim. That is, he must identify each defendant he proposes to hold liable by name and allege facts showing what each of those persons did or failed to do that violated his right to due process.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed because it fails to state a claim upon which relief may be granted. Plaintiff is given leave to amend, provided that he files his amended complaint no later than **September 14, 2007**. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: 7/30/07   _____

SUSAN ILLSTON
United States District Judge

4